FAU of Vailoatai, CHIEF SATELE of Vailoatai, Plaintiffs

v.

BARBARA WILSON of Fagatogo, FAAMAFU TUPUOLA of Fagatogo, Defendants

No. 129-1963

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Taileau" near Vailoatai]

January 28, 1964

Fau *pro se.*
Logo, Counsel for Chief Satele.
Jarrell W. Garsee, Counsel for Beryl Barbara Wilson and
Faamafu Tupuola.

OPINION OF THE COURT

MORROW, *Chief Justice.*

Beryl Barbara Wilson and Faamafu Tupuola made application to the Registrar of Titles to have the land Taileau near the Village of Vailoatai registered as their individually-owned land. A survey of the land proposed to be registered accompanied the application to register. Chief Satele of Vailoatai filed an objection to the application claiming that the land was the communal family land of the Satele Family. Aiaifua Fau of Vailoatai filed an objection in behalf of his father claiming that the land Taileau was the individually-owned land of his father Fau. However, the objector's father Fau is dead and it appeared during the hearing that Aiaifua Fau was claiming the land as his own individually-owned property through possession derived from his father.

Prior to the hearing the Court viewed the land Taileau in the presence of the parties except Faamafu Tupuola, who, according to information given to the Court, was in the United States.

In this opinion we shall frequently refer to Beryl Barbara Wilson as Barbara and to Faamafu Tupuola as Faamafu.

■ It appeared at the hearing that Parcel No. 2, as marked on the survey, is a road leading to the remainder of the land from the main highway between Vailoatai and Leone. Parcel No. 2 was orally conveyed by Tuiasina, the matai of the Tuiasina Family of Vailoatai, to Barbara and

445

Faamafu in return for a piece of land marked Parcel No. 3 on the survey which, it was claimed, was a part of the land Taileau. Parcel No. 2 is communal family land. The oral conveyance is void, it not having been approved in writing by the Governor as required by law.

■ Section 1282, A. S. Code of 1949 provides in part that:

"It is prohibited for any matai of a Samoan family, who is, as such, in control of the communal family lands or any part thereof, to alienate such family lands or any part thereof to any person without the written approval of the Governor of American Samoa."

According to the evidence, Barbara and Faamafu each have a paper title to an undivided half of a part of the land Failolo from Ilaoa, the first document in the chain of title being a deed executed in Apia on May 30, 1898 from Sopoaga and Uele to Lili in which it is recited that Ilaoa granted said land to Lili, who was the grandmother of Barbara and Faamafu. We are informed that the piece of land referred to in the deed is the same as the land Taileau and also the same as the land Aoloau, a one-half interest in which was conveyed by Florence Scholes Wilson to Beryl (Barbara) Wilson by deed dated October 20, 1960.

■ A link in the chain of title of Barbara and Faamafu is a judgment rendered in the High Court in the case of *Satele v. Sopoaga and Lili* (No. 18-1901) in which the Court declared that the land Aoloau was the property of Lili and stated that "A decree of the Court vesting the property aforesaid in the said Lili will be issued upon a proper survey of the said land being made and a plat of the same submitted to the Court." It appears that by decree dated October 20, 1914, A. Stronach, Judge of the High Court, Lili having died, and the conditions in the judgment rendered in *Satele v. Sopoaga and Lili* (No. 18-1901) having been complied with, rendered a decree vesting the land Aoloau in

446

Lili's two children, her heirs-at-law, viz., Bella Scholes Nita and Florence Scholes Wilson. Florence Scholes Wilson was the mother of Barbara and Bella Scholes Nita the mother of Faamafu. Bella died leaving Faamafu as her only heir-at law. As before indicated, Florence deeded her undivided half to Barbara on October 20, 1960. The survey referred to in the judgment in the case of *Satele v. Sopoaga and Lili* (No. 18-1901) is included in the record of the judgment in that case together with the record of Judge Stronach's decree supplementing the judgment, both of which are recorded in Vol. I, Native Titles, pp. 125–127.

The land was resurveyed on November 24, 1923. There is considerable variation between the 1923 survey and the 1906 survey included in the land records. Barbara had a survey made in 1963, and it was the 1963 survey which accompanied the application to register.

It was admitted at the hearing that when the 1963 survey was made the surveyors could not find any pin or monument from either the 1906 survey or the 1923 survey to serve as a starting point. They decided to and did retrace the 1923 survey without finding any pin or monument to use as a starting point. Since there was considerable variation between the 1906 survey and the 1923 survey, it follows that there is considerable variation between the 1963 survey and the 1906 survey, the 1963 survey being an attempted retracing of the 1923 survey.

▆▆ Any rights which Barbara and Faamafu may have in the land involved must be measured by the 1906 survey, since it was the land decreed by Judge Stronach to be the property of Lili's children through whom Barbara and Faamafu respectively derive their paper titles.

▆▆ All three judges of this Court believe that the weight of evidence is to the effect that the portion of the land included in the 1963 survey on the Vailoatai side of the creek running through the land is the communal prop-

447

erty of the Satele Family, and we so find. And for that reason the application to register must be denied, since the boundary between the part we consider to be Satele land and the remainder of the land included in the 1963 survey is not properly identified. Section 10.0112 of the A. S. Code, 1961 Ed., provides that:

"No title to land shall be registered . . . unless the description clearly identifies the boundaries of the land by metes and bounds."

██ We have no doubt whatever from the evidence that a part of the land included in the 1963 survey was originally Satele land or, if not, that the Satele people have occupied and used it continuously without interference from anyone for much more than 20 years. If it was not originally Satele land, it is now, such through adverse possession by the Satele people. Section 10.0115, A. S. Code, 1961 Ed., provides that:

"Actual, open, notorious, hostile, exclusive and continuous occupancy of real estate for the period prescribed by law as sufficient to bar an action for the recovery of real property confers a title thereto by adverse possession, which is sufficient against all."

Actions for the recovery of real property must be brought within 20 years after the cause of action accrues. Section 3.1101(4), A. S. Code, 1961 Ed.

The testimony of Talili, who is 76 years old, convinces us that the Satele people have occupied and used a part of the land included in the 1963 survey for about 50 years. Talili is a Satele man. He testified that Satele and his children had been getting coconuts from the land for about 50 years without interference by anyone. He also testified that the Satele people cleared the land from the virgin bush and planted what are now the long coconut trees on the land. He also testified that some cocoa trees now on the 1963 surveyed tract were planted by Momo's children. Momo is a Satele man.

It appears from the evidence that objector Fau has been occupying much of the surveyed land and taking the fruits therefrom for more than 20 years. He claims this part as his individually-owned property, the possession of which he procured from his father. It is quite clear from the evidence that a former Satele gave the part of the land included in the survey on the Leone side of the creek running through the land to Fau's grandfather. Talili testified that no persons other than Fau people had used any part of the land on the Leone side of the creek for 50 years.

▪ We think the weight of evidence supports the conclusion that whatever part or parts of the land now occupied and used by Fau which may have been included in the 1906 survey are now Fau's land through adverse possession for 20 years.

▪ It was argued that in order to acquire land by adverse possession the adverse possessor must live or dwell on the land. Occupancy is necessary but a person may occupy land without living on it. Thus if A owns two different parcels of land and has his dwelling house on parcel one and goes to parcel two a half mile away and plants a crop on part of it, cultivates and harvests the crop, at the same time pasturing some of his livestock on an uncultivated part, he is occupying parcel two. Black's Law Dictionary (4th Ed.) defines "occupy" as "To take or enter upon possession of; to hold possession of; to hold or keep for use; to possess." Obviously, occupancy of land does not require the occupant to dwell or have his house on it.

Our conclusion is that since the 1963 survey does not follow the 1906 survey and since we have found that Satele owns land included in the 1963 survey lying on the Vailoatai side of the creek running through such surveyed land and since we have also found that Fau owns some land on the Leone side of said creek and included in such survey, it follows that Barbara and Faamafu's application to register

449

the land included in the 1963 survey must be denied. Also, there is the objection that the Tuiasina land (Parcel 2) included in the 1963 survey was not validly conveyed to Barbara and Faamafu, the conveyance, as before indicated, not being approved by the Governor in writing as required by Section 1282, A. S. Code of 1949. Parcel 2 is still Tuiasina land.

DECREE

Accordingly, it is ORDERED, ADJUDGED, AND DECREED that the application of Beryl Barbara Wilson and Faamafu Tupuola to have the land Taileau registered as their individually-owned land shall be and the same is hereby denied.

The Registrar of Titles will be informed of this decree.

Costs in the sum of $30.00 are hereby assessed against Beryl Barbara Wilson, the same to be paid within 30 days.